UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADA COUNTY HIGHWAY DISTRICT, a body politic corporate of the State of Idaho,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NORTHWEST PIPELINE GP, a general partnership,<br><br>　　　　Defendant. | Case No. 1:12-cv-00184-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Plaintiff Ada County Highway District's Renewed Motion for Attorneys' Fees (Dkt. 22). Having reviewed the parties' briefs and the record, the Court will grant the Highway District's Motion.

## BACKGROUND

Northwest is a general partnership. Its two partners are two limited liability companies: Williams Pipeline Partners Holdings, LLC and WGPC Holdings, LLC.

**MEMORANDUM DECISION AND ORDER - 1**

On April 11, 2012, Defendant Northwest Pipeline GP removed this matter from state court. Northwest based removal on diversity. In its Notice of Removal, Northwest alleged that both WGPC Holdings, LLC and Williams Pipeline Partners Holdings LLC were Delaware LLCs with their principal place of business in Oklahoma. *Notice of Removal* at 2, Dkt. 1.  Northwest failed to allege any facts regarding the citizenship of the members of these two LLCS.

The Highway District filed a motion to remand on the grounds that Northwest could not establish complete diversity of citizenship, and Northwest stipulated to remand. Now the Highway District has moved for attorney fees pursuant to 28 U.S.C. § 1447(c).

## ANALYSIS

Awarding attorneys' fees on remand is discretionary.  Section 1447(c) provides: "An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  The Supreme Court has held that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

Northwest defends its removal as "objectively reasonable."  But its Notice of Removal failed to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleged Northwest's citizenship. In its Notice, Northwest alleged that both WGPC Holdings, LLC and Williams Pipeline Partners Holdings LLC were Delaware LLCs with their principal place of business in Oklahoma. *Notice of Removal* at

2, Dkt. 1.  The citizenship of a corporation is determined by the place of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1).  Northwest, however, is a general partnership comprised of two LLCs, and "the citizenship of an LLC is determined by the citizenship of its members." *Carden v. Arkoma Assocs.,* 494 U.S. 185,195 (1990).  Thus, the Notice of Removal was deficient on its face.

Moreover, the pathway of Northwest's citizenship appears to lead unavoidably to a limited partnership, Williams Partners L.P., which has over 73,000,000 publicly-traded partnership units.  Thus, it would prove very difficult for Northwest to demonstrate complete diversity as the citizenship of a limited partnership, like an LLC, is determined by the citizenship of all its partners – both general and limited.  *Id.*

Northwest, however, argues that "the fact that 28% of Williams Partners L.P.'s shares are publicly traded did not deprive Northwest of an objectively reasonable basis for removal." *Northwest's Resp. Br.* at 5, Dkt. 23.  Williams Partners L.P. is a Master Limited Partnership, and, according to Northwest, MLPs are "atypical" from limited partnerships because they have "many indicia of a corporation centralization of management; limited liability of investors; free transferability of ownership interests, which are publicly traded; and a continuity of life not dependent on natural life." *Id.*

This may be true, but courts have never distinguished between limited partnerships and master limited partnerships.  Instead, it is hornbook law that a limited partnership is a citizen of each state in which its general and limited partners hold citizenship. 1 Fed. Proc., L.ed. § 1:165.  Because Northwest can point to no cases that appear to deviate

**MEMORANDUM DECISION AND ORDER - 3**

from this general rule, its removal of the case to federal court was not objectively reasonable. Thus, the Court will award the Highway District the attorneys' fees it incurred as a result of Northwest's improper removal. The Highway District shall submit an affidavit detailing the fees incurred and their reasonableness.

## ORDER

**IT IS ORDERED that** Plaintiff Ada County Highway District's Renewed Motion for Attorneys' Fees (Dkt. 22) is **GRANTED**. The Highway District shall submit an affidavit detailing the fees incurred and their reasonableness.

DATED: October 3, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court