UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADA COUNTY HIGHWAY DISTRICT, a body politic corporate of the State of Idaho,<br><br>            Plaintiff,<br><br>     v.<br><br>NORTHWEST PIPELINE GP, a general partnership,<br><br>            Defendant. | Case No. 1:12-cv-00184-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

On October 3, 2012, the Court entered an order granting Plaintiff Ada County Highway District's Motion for Attorney Fees (Dkt. 22). In the Order, the Court directed the Highway District to submit an affidavit detailing the reasonable attorneys' fees incurred in bringing its Motion to Remand (Dkt. 6). The Highway District requests attorney fees in the amount of $15,696.50. For the reasons set forth below, the Court will award the Highway District attorney fees in the amount of $15,404.00.

## ANALYSIS

Awarding attorneys' fees on remand is discretionary. Section 1447(c) provides: "An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). To determine a reasonable fee award, the Court must engage in a two-step inquiry. First, the Court must calculate the "lodestar figure" by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *See, e.g., Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir.2000). Second, the Court must decide whether to enhance or reduce the lodestar figure based on several factors—known as the Kerr factors—to the extent those factors are not already subsumed in the initial lodestar calculation. Id. The relevant Kerr factors are: (1) time limitations imposed by the client or the circumstances; (2) the amount involved and the results obtained, (3) the experience, reputation, and ability of the attorneys, (4) the "undesirability" of the case, (5) the nature and length of the professional relationship with the client, and (6) awards in similar cases. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975).

To determine a reasonable hourly rate, the district court looks to hourly rates prevailing in the relevant legal community for similar work performed by attorneys of comparable skill, experience, and reputation. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir.2011) (per curiam). The "relevant legal community" is generally the forum in which the district court sits. *Mendenhall v. NTSB*, 213 F.3d 464, 471 (9th Cir. 2000).

Here, the attorneys involved request the following rates: Michael E. Baldner - $225.00; Jason G. Dykstra - $195.00; and Brian J. Holleran - $170.00. Attorney Dykstra submitted an affidavit stating that these are reasonable rates in Boise, the relevant community where the case was filed. Defendant Northwest Pipeline GP does not object to these rates, and the Court finds they are reasonable.

Next, the Court must determine whether the time spent on this matter – 77.4 hours – was reasonable. Northwest Pipeline argues that 36.7 of the hours should not be allowed because they are duplicative and excessive, and another 1.3 hours should not be allowed because the time-entry description was unreasonably vague. The Highway District responds that the process of ascertaining actual ownership of Northwest proved to be a "significant endeavor" because Williams Partners L.P., which has 100 percent ownership of Northwest, has over 73,000,000 publicly-traded partnership units.

Given the complexity of investigating proving Northwest's ownership, which was necessary to prove its citizenship for diversity purposes, the Court finds that the time the Highway District spent was reasonable. The Court, however, does find that Attorney Baldner's 1.3-hour entry (at a rate of $225 per hour) – "Attention to remand matters" – is unreasonably vague, and therefore the Court will not allow those hours.

"The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower court[ ] that the lodestar amount is unreasonably low or

unreasonably high." *Van Gerwen v. Guarantee Mut. Life Co.,* 214 F.3d 1041, 1045 (9th Cir. 2000). This is not a rare or exceptional case where the lodestar amount is unreasonably low or high. The Court will therefore award the Highway District the sum of $15,404.00 in attorneys' fees.

## ORDER

**IT IS ORDERED that** Plaintiff Ada County Highway District's shall be awarded attorneys' fees in the amount of $15,404.00.

DATED: June 6, 2013

B. Lynn Winmill
Chief Judge
United States District Court